AMANDA SLOAN, Appellee, v. CITY OF DES MOINES, Appellant.

MARCH 13, 1928.

824

Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver, Don G. Allen, and George W. Vest, for appellant.

C. C. Putnam, Guy S. Calkins, and Paul H. Williams, for appellee.

ALBERT, J.—The first three errors assigned involve substantially the same proposition: that is, the insufficiency of the testimony to support the verdict, in that it is claimed that there is no showing of negligence on the part of the city, and that the motion to direct a verdict made by the city should have been sustained.

The fourth error assigned is that, under the testimony, plaintiff is conclusively shown to have been guilty of contributory negligence, as a matter of law.

The last error assigned is the complaint lodged against Instruction No. 14, with reference to the viewing by the jury of the scene of the accident.

The accident in controversy occurred on the 6th day of January, 1926, at the southeast corner of Crocker and Thirteenth Streets in the city of Des Moines. As a result of the accident, plaintiff broke both bones of her right leg, about three inches above the ankle. She was unable to return to her work until early in September. There is no dispute in the evidence that plaintiff slipped on an icy sidewalk, with the result above noted. At the corner in question, the sidewalk on the south side of Crocker Street intersects the sidewalk on the east side of Thirteenth Street, and it was at this intersection that the accident occurred. The sidewalk on the south side of Crocker Street slopes downward to the east, and the sidewalk on the east side of Thirteenth Street slopes downward to the north. The claim of the plaintiff is that defendant allowed the snow and ice to accumulate at this corner, and that it became rough and uneven, because of the foot passengers traveling thereon; that it froze in this uneven condition; and that this condition existed for such a length of time before the accident occurred that the city was bound to know of such condition. This question is one of the storm centers of the case.

The plaintiff's testimony and that of her witnesses, who traveled this sidewalk for some months prior to the time of the accident, tend to prove that this condition had existed there for

many days prior to the date of the accident. Defendant meets this testimony with the reports of the weather bureau as to the maximum and minimum temperatures during the early days in January, up to and including the date of the accident, and also with other testimony tending to show that the sidewalk had been cleared of all snow, ice, and slush the night before the accident occurred. We have read this record with the utmost care, and cannot avoid the conclusion that this question was a question for the jury. Little aid can be given the profession in cases of this kind by detailing the evidence.

On the question of contributory negligence, the defendant cites a number of Iowa cases, among which it relies more especially on *Lundy v. City of Ames*, 201 Iowa 186, and *Geringer v.*  *Town of Marcus*, 203 Iowa 41. The contention of the city at this point is that the acts and conduct of the plaintiff, as testified to by her, show, as a matter of law, that she was guilty of contributory negligence. With this contention we cannot agree. Her testimony, while showing that she knew the condition that existed at this corner, further shows that she wore rubbers, and walked very slowly and cautiously, having in mind the dangers incident to the condition then existing. We do not think that, as a matter of law, under these circumstances, it can be said that she was guilty of contributory negligence.

These conclusions inevitably determine that the court was justified in overruling the motion of the city for a directed verdict.

A virulent assault is made upon Instruction No. 14. To an understanding of the complaint lodged against this instruction, it may be said that, during the trial, the court, under a statutory regulation, ordered the jury to be taken to the place where this accident occurred, which was done. This instruction reads as follows:

"You are instructed that the purpose of permitting you to view the premises in question was to enable you to better understand the testimony of the witnesses respecting the issues before  you. You are further instructed that you must base your verdict upon the evidence given in open court, and upon the law as given you in charge by the court in these instructions, and

upon nothing else. You must not take into consideration facts coming to your knowledge when viewing said premises, and must not base your verdict in any degree upon the examination of the premises.''

The objection lodged against this instruction is:

''For the reason that the language used in said instruction involved a plain contradiction or glaring inconsistency, a rhetorical paradox, utterly incomprehensible to the jury mind, and for the reason that the only possible interpretation of the words employed is that the jury shall view the premises and then close their minds, and refuse to consider everything that their eyes have seen.''

There is quite a diversity of opinion in the different states on the correctness of this instruction, and the writer of this opinion is quite convinced that the objection lodged against it has much merit. The court, however, is of the opinion that this instruction, or one substantially equivalent, has become so firmly lodged in the law of this state that it should not be disturbed. This instruction, or one in substance identical with it, has been approved in the following cases: *Close v. Samm,* 27 Iowa 503; *Thompson v. City of Keokuk,* 61 Iowa 187; *Morrison v. Burlington, C. R. & N. R. Co.,* 84 Iowa 663; *Moore v. Chicago, St. P. & K. C. R. Co.,* 93 Iowa 484; *Cox v. Chicago & N. W. R. Co.,* 95 Iowa 54; *Guinn v. Iowa & St. L. R. Co.,* 131 Iowa 680; *Keller v. Harrison,* 151 Iowa 320; *Adamson v. Harper,* 162 Iowa 56; *Kirkwood v. Perry Town Lot & Imp. Co.,* 178 Iowa 248; *High v. Waterloo, C. F. & N. R. Co.,* 195 Iowa 304.

We find nothing in this record, therefore, which could be made ground for a reversal.—*Affirmed.*

STEVENS, C. J., and FAVILLE, MORLING, and WAGNER, JJ., concur.