CORNELIUS AHERN, Appellee, v. CITY OF DES MOINES, Appellant.

No. 46331.

114

DECEMBER 14, 1943.

F. T. Van Liew, Bruce J. Flick, Paul Hewitt, and Harvey Bogenrief, all of Des Moines, for appellant.

Raymond Hanke, of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff, in an action against the City of Des Moines, Iowa, sought recovery for damages sustained as the result of personal injuries received. He contended that he fell upon ice which the city had allowed to remain upon a sidewalk. He asserted that this icy condition had developed as a result of the drainage of water from a downspout on a building, which water drained across and froze on a walk that was adjacent to the building. The defendant claimed that there was no showing of any condition other than one of slush and

water and that it was not liable for this temporary condition. Upon trial of the issues involved and submission of the case to the jury a verdict was returned for the plaintiff and thereafter judgment was entered against the defendant. It has appealed.

The appellee's injuries were received on January 16, 1941, between 9:30 and 10:30 p. m. He fell on a sidewalk on the north side of Crocker Street in the City of Des Moines, between Nineteenth Street and Nineteenth Street Place. This walk runs east and west and parallels or is adjacent to the south end of a building. It is alleged in the appellee's petition, which is supported by the evidence, that at the southwest corner of the building previously referred to there is a downspout from the roof and that the water from this spout is discharged upon the sidewalk. It is the claim of the appellee that as a result of the water running across the sidewalk and the freezing of it, rough formations of ice had developed on the walk and he slipped on this ice and was injured.

It is disclosed by the evidence, on the part of both the appellee and the appellant city, that to the west of the downspout the sidewalk slopes downward. Testimony was presented by the city which showed that there is a fall of about 8¼ inches from the downspout to the street curb which is 8.6 feet west of the spout. It is the claim of the city that the appellee fell on the sloping sidewalk leading from the building down to the curb; that the entire city at the time of the accident was covered by a sheet of ice; that if the appellee slipped and fell in slushy or loose snow, as it contends, the city was not liable for this temporary condition.

Inasmuch as it is contended by the appellant that there is a variance between the pleaded allegations as to negligence and the evidence presented by the appellee as to the place where he fell, we are hereinafter setting forth portions of appellee's testimony. It is the contention of the appellant city that the notice of injury that was served upon it and appellee's petition referred to a fall received in the vicinity of the downspout, while the evidence introduced indicates that the appellee fell on the sloping portion of the walk leading down to the curb.

116

The appellee's testimony as to the place where he fell and the condition of the sidewalk is, in part, as follows:

"It [the sidewalk] slopes more or less from north to the south at the place where I fell. Before you get to that place I don't believe there is any particular slope in either direction. It is comparatively level except at the end of the sidewalk where it comes up on 19th Street Place. * * * there was snow and ice on the sidewalk, and of course, 1 was taking proper precautions, as much as I possibly could * * * I had reached almost the end of * * * building, that is, the western end of it, when I, of course, was walking along, and as I say, the sidewalk was rough. * * * It was rough and glazed and pointed, that is, the ice. That is, ice had formed, I was walking along and 'I imagine that something gave way as I was walking. * * * there was water on the sidewalk which was caused from the spout which was attached to the building * * * and this water was running across the sidewalk. * * * There was snow and ice there * * *. The place where I fell wasn't as firm a footing as I had been traveling on before, before I reached that point. * * * Yes, sir; the sidewalk slopes at that point. I would say in a sort of southwesterly direction. I had reached almost the end of the building there, the western end of the building. * * * Yes, sir; I had passed along there several times and noticed [construction of downspout] that condition. Well, it was not very far above the sidewalk, that is, the spout. Q. And calling your attention to the condition that you have described on that sidewalk, or being covered with snow, rough snow and ice, state whether or not that condition existed prior to January 16, 1941, as you observed it? A. Yes, sir; it had. * * * Well, as I recall it, at least a month, possibly longer."

On cross-examination the appellee testified, in part:

"I was going very slowly, step by step, I wasn't trying to walk like a person would naturally walk on the street if there was no ice on it. Q. It was a very icy condition, and you observed that all over the city? A. That is true."

Appellee's testimony also showed that he had been over

the walk in question on numerous occasions and while there was snow and ice on it.

Appellee's Exhibit 10, which is herein set forth, discloses the extent of the slope of the sidewalk, the location of the down-spout on the building, and the opportunity for drainage from this spout onto the sidewalk:

I. The initial contention of the appellant is that the trial court erred in overruling its motion for a directed verdict for the reason that the appellee failed to establish his freedom from contributory negligence. We have heretofore set out portions of appellee's testimony relative to the circumstances and situations present at the time of his fall. With this testimony

in mind, we believe that the statements found in our holding in the case of Tillotson v. City of Davenport, 232 Iowa 44, 46, 4 N. W. 2d 365, 366, are applicable. We there said:

"It is well settled that mere knowledge that a walk is dangerous, unsafe for travel, is not sufficient to establish contributory negligence though there is another way that is safe and convenient, and to defeat recovery it must appear that the traveler knew, or as an ordinarily cautious person should have known, that it was imprudent to use the walk."

In this same case we also said:

"Though appellee knew the walk was defective, unless it was imprudent for her to use the sidewalk at the time in question she was not bound to take the safer way."

It cannot be said that appellee did not exercise care to avoid injury. The question of contributory negligence was properly submitted to the jury. The facts in the cited case are quite similar to the present case. The testimony of appellee heretofore quoted shows that he was using care in walking upon the sidewalk and the ice and snow thereon. It is our conclusion that under our holdings the court properly submitted to the jury the question whether or not the appellee was guilty of contributory negligence in that it was imprudent for him to walk where he did under all the circumstances. Franks v. City of Sioux City, 229 Iowa 1097, 296 N. W. 224; Smith v. City of Hamburg, 212 Iowa 1022, 237 N. W. 330; Burke v. Town of Lawton, 207 Iowa 585, 223 N. W. 397; Sloan v. City of Des Moines, 205 Iowa 823, 825, 218 N. W. 301; Tollackson v. City of Eagle Grove, 203 Iowa 696, 213 N. W. 222; Travers v. City of Emmetsburg, 190 Iowa 717, 180 N. W. 753; Fosselman v. City of Dubuque, 211 Iowa 1213, 233 N. W. 491. For further citations of Iowa authorities bearing upon the question here commented upon, see cases here cited. We do not believe the cases cited by the appellant, under the factual situation presented in the instant case, are applicable.

II. The appellant claims that there was error on the part of the trial court in its failure to sustain its motion for a

directed verdict for the reason that appellee's petition alleged that the city had negligently permitted the accumulated ice to remain upon the sidewalk, whereas it is claimed that the appellee's testimony was to the effect that he fell and remained in a position on the walk which consisted wholly of an area of slush and snow. In connection with this contention of the appellant city, it should be here stated that the evidence showed that at the time the appellee was first aided by persons coming to the scene of the accident he was found near the bottom of the sidewalk incline and near the east curb on Nineteenth Street Place. We do not believe there is merit in this contention. The testimony showed that the appellee slipped on rough snow and ice at or near the place where the downspout was located. By reference to the photograph herein set out, it is disclosed that from the point where the appellee claimed he first slipped to the curb is all on a general decline. The distance from the down-spout to the curb, as previously shown, is slightly over 8 feet. The close proximity of the two points does not justify a holding on our part that there was a variance between the pleadings and the proof.

 III. It is appellant's further contention that the court erred in overruling its motion for a directed verdict in that the appellee failed to sustain the burden of proving that his injuries were the proximate result of any negligence on the part of the appellant. It is contended that appellee slipped and fell in a mixture of slush for which the city is not liable. This contention of appellant would have merit if it had been shown affirmatively that the appellee fell at a place other than near the downspout. As previously set forth, and as shown by the photograph, there is a general slope from the point where the downspout contacts the sidewalk. It is true that the city would not be liable for natural conditions that had developed on its sidewalk and of which it had no notice. It is only liable when unusual conditions continue for a period of time and after they have continued for such a length of time as to give notice to the city. Ray v. City of Council Bluffs, 193 Iowa 620, 623, 187 N. W. 447. However, under the facts which we believe are sufficiently shown in this record, it is

apparent that the city had knowledge or should have had knowledge of the frozen condition that resulted from water being drained from the downspout over the sidewalk. There was evidence presented which showed a rough and icy condition had existed there for some time.

■ We hold it was for the jury to decide as to whether appellee fell on rough ice and snow near the downspout or in slushy snow on the part of the walk nearer the curb. We further hold that it was a question for the jury to decide as to whether the appellant city was negligent in permitting the downspout to discharge water upon the sidewalk.

The annotations found in 13 A. L. R. 37 comment upon this last-referred-to claim of negligence on the part of the city. It is there stated:

"The courts are quite well agreed that if a leader is constructed from the eaves trough of an adjoining building in such a way, or is so defective, as to cast the water upon the walk, the municipality is liable for injuries caused by ice resulting from the freezing of such water."

Numerous citations in this annotation hold to the effect that a municipality is liable for conditions such as were shown by the evidence in the instant case. See, also, annotations to this same effect found in 80 A. L. R. 1157.

In the case of Wright v. Atlantic & Pacific Tea Co., 216 Iowa 565, 570, 246 N. W. 846, 848, this court commented upon the liability of a municipality where the evidence disclosed a possible defective cornice of a building from which water dropped to the sidewalk below and there froze. We there stated:

"It follows from the above that the theory of the plaintiff and of the court in its instructions is well-founded, and leaves to the jury the question of whether or not the fact situation warrants the application of this doctrine. In other words, there was evidence which the jury might find showed that the defective condition of the cornice constituted a nuisance, and the city, long prior to the time of the accident, had notice thereof, and it was negligent in failing to abate such nuisance. There

was sufficient evidence to take the case to the jury, and the question of contributory negligence was for the jury.''

It was the principal contention of the appellee in his pleadings that the appellant city was guilty of negligence in permitting the nuisance to continue whereby water was discharged upon the sidewalk and there froze. We are of the opinion that this pleaded condition is amply supported by the evidence and that the efforts of the appellant to show that the appellee fell at some point other than near the point where the downspout came onto the sidewalk is not supported by the evidence. We hold that the case was properly submitted to the jury on the question of appellant's liability in permitting a condition to continue whereby water was permitted to drain upon the sidewalk and which, under certain atmospheric conditions, froze and caused a rough and uneven place for pedestrian passage.

▮ IV. It is the claim of the appellant that the trial court committed error in the submission of one of its instructions wherein it commented upon the necessity of showing by a preponderance of the evidence that the snow, ice, and slush on the sidewalk had been permitted to accumulate and remain thereon. This particular instruction of which complaint is made is, in part, as follows:

''So that in this case, if you find from a preponderance of the evidence, that the snow, ice and slush had been permitted to accumulate on said sidewalk and remain thereon at the time and place where the accident happened and the injury occurred, that by reason of the draining of the water from the downspout of the building across the sidewalk adjoining the building and the accumulation of snow and ice, and its thawing and freezing, *or from any other cause or causes,* the surface thereof became rough, *jagged and uneven or otherwise dangerous, and in such a condition* that a person, in the exercise of ordinary care, could not walk over it without danger of falling * * *.'' (Italics supplied.)

In the instruction complained of the jury further is advised that if ''the defendant city had notice of such conditions or such

conditions ought to have been known to it in the exercise of ordinary and reasonable care * * *'' and failed to remedy the condition, then the city might be held guilty of negligence. Particular complaint is made of that portion of the instruction which reads ''or from any other cause or causes'' and ''otherwise dangerous, and in such a condition that a person, in the exercise of ordinary care, could not walk over it without danger of falling.'' It is contended that the particular portion of the instruction to which reference has been made is not justified under the law and our prior holdings, and it is claimed that under this instruction the city would be liable for a soft, slushy condition or for any general condition of which it had no notice.

It should be kept in mind that the principal contention of the appellee in his claim of negligence on the part of the city is that the municipality had permitted the water to flow out onto the sidewalk, where it froze and thereby created the rough and uneven icy condition. This particular portion of the instruction is, it is true, somewhat indefinite, but, in view of the general allegations of appellee's petition, we do not believe that prejudice resulted to the appellant.

V. It is the further claim of the appellant that the court erred in overruling its motion for a directed verdict, and thereafter its motion for a new trial, in that the appellee's statutory notice which the pleadings show was served on the city on February 14, 1941, is at variance from the testimony offered pertaining to the appellee's action. It is claimed that no notice of the injury and where it occurred, as disclosed by the evidence, was given the appellant city within the period of three months required by Code section 11007. As previously noted, the appellee fell somewhere between the point where the downspout came out on the walk and the curb—within a space of 8 or 9 feet. Even though the appellee's notice to the city may have made reference to his having fallen on or about the place where the downspout came onto the sidewalk, and testimony of some of the witnesses may have indicated that the fall occurred on the slope beyond the downspout, yet we do not believe that this claimed variance was of such a nature as to require us to hold that the city had not been sufficiently advised, within the

statutory period, as to the place and conditions under which the fall and accident occurred. We find no merit in this contention.

Upon a review of the entire record, we hold that the case was properly submitted to the jury, that there was no error on the part of the trial court in its rulings and the instructions given. We therefore affirm.—Affirmed.

MULRONEY, C. J., and HALE, GARFIELD, MANTZ, BLISS, MILLER, and SMITH, JJ., concur.

OLIVER, J., concurs in result.