Ralph Logan, appellee, v. J. B. McMillen et al., dba Bolton &
Hay, cross-petitioners, appellants; Chenoweth-Kern
Elevator Service, a corporation, George L. Niles
et al., dba Niles & Jones, and Niles & Jones,
third-party defendants, appellees.

No. 48351.

(Reported in 60 N.W.2d 498)

October 20, 1953.

Davis, Huebner & Johnson and Wessels & Wessels, all of Des Moines, for appellants.

Hanson & Wheatcraft, of Des Moines, for plaintiff-appellee.

Bannister, Carpenter, Ahlers & Cooney and Lehmann, Hurlburt, Blanchard & Cless, all of Des Moines, for cross-defendants-appellees.

BLISS, J.—The factual matters as alleged in the pleadings are that the defendant Bolton & Hay, a copartnership, and the individual defendants composing it owned a business building in Des Moines in which there was an elevator shaft, with elevator and the necessary operating equipment for the use of the tenants, but not included in their leases, and over which said defendants retained control. The plaintiff, Ralph Logan, an employee of Niles & Jones, the lessee of the first floor and most of the basement of the building, while engaged in his work approached the open door of the elevator shaft on the first floor, and, thinking the elevator was there, stepped through the open door. The elevator was not there and he fell to the bottom of the shaft and was severely injured. He brought action against the owners of the premises and alleged in his petition various grounds of common-law, and statutory, negligence on their part.

The defendants had a written contract with a corporation, known as Chenoweth-Kern Elevator Service, to furnish monthly inspection service and lubrication for the elevator equipment.

Pursuant to the provisions of rule 33(b) of the Iowa Rules of Civil Procedure, defendants, after the filing of plaintiff's petition against them, and on October 21, 1952, filed a motion in the district court to bring in as third-party defendants, on the cross-petition of defendants, Chenoweth-Kern Elevator Service and the partnership, Niles & Jones, and its individual mem-

1330

bers. A copy of the cross-petition was attached to the motion. No resistance was filed to the motion and it was granted on November 15, 1952. The cross-petition, in four divisions, was filed November 28, 1952.

Rule 33 entitled "Cross-petitions" is as follows:

"(a) Against coparties. * * *.

"(b) Against new parties. When a defendant to a petition, cross-petition or counterclaim will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, to the end that the rights of all concerned may be determined in one action. * * *."

Division I of the cross-petition applied to Chenoweth-Kern Elevator Service. It was stated therein that plaintiff's petition: in subparagraph B of paragraph 9, alleged, in substance, that defendants so negligently maintained the interlock device of the elevator that it became ineffective to prevent the opening of the hoistway doors when the car was not standing at the landing door; and also neglected and refused to replace a burnt-out light within the elevator car, thereby making it impossible to ascertain when the car was opposite a landing door; in subparagraph C of paragraph 9 lack of inspection was alleged; in subparagraph D of paragraph 9 negligence was alleged in defendants' failure to correct specified dangerous conditions about the elevator known to them. It was also alleged in Division I of the cross-petition that at the time of the injury to plaintiff the inspection service agreement with the Chenoweth-Kern Elevator Service was in effect, and by reason thereof said corporation, third-party defendant, had the primary duty with regard to the inspection of the elevator, and if, in the trial of the case, said allegations in subparagraphs B, C and D are submitted to the jury and it should return a verdict for plaintiff against the defendants, it would be because of the primary negligence of the Chenoweth-Kern Elevator Service as alleged in said subparagraphs, and because thereof said corporation would be liable over to defendants for such verdict. Defendants in said Division I prayed judgment for recovery over against Chenoweth-Kern Elevator Service for any judgment plaintiff might recover against them based on said specified allegations of negligence.

Division II of the cross-petition was directed to the third-party defendants, Niles & Jones and its individual members. It was stated therein that in subparagraph A of paragraph 9 of plaintiff's petition it was alleged that defendants were negligent in failing to have the elevator shaft, elevator car and opening, and the area in the vicinity properly lighted. It was stated in this Division that said alleged improperly lighted places were all in the exclusive control and custody of said Niles & Jones and its members, and any improper lighting was their primary negligence, and for any verdict based thereon in favor of plaintiff against defendants the latter were entitled to judgment for recovery over against third-party defendants—for which judgment defendants prayed.

Division III of the cross-petition also applied to the third-party defendants, Niles & Jones et al. It was stated therein that their negligence was the proximate cause of any injury to plaintiff, in that their employees tampered with the interlocking mechanism of the elevator and "blocked it off" manually so that it failed to operate properly, and that such negligence was primary on the part of said third-party defendants, and for any judgment in favor of plaintiff based on such primary negligence the defendants will be entitled to judgment over against Niles & Jones and its members.

Division IV of the cross-petition alleged that at the time and place of plaintiff's injury "all instrumentalities causing it were under the exclusive control, custody, supervision and domination of these third-party defendants", Niles & Jones and the individual members composing it, "and that said injuries could not have occurred without primary negligence" on their part; and for any judgment plaintiff may recover against defendants because of the negligence referred to in Divisions II, III and IV of the cross-petition, the defendants prayed judgment over against said Niles & Jones et al.

On December 24, 1952, Niles & Jones and its members filed their motion to dismiss the cross-petition as to them, alleging in Division I thereof that Divisions II, III and IV of the cross-petition are not permitted under rule 33(b) or "under any statute or Rule of Civil Procedure and state no cause of action

recognized in Iowa practice", for the following reasons, to wit: "The action of plaintiff is for damages for personal injury alleged to have been sustained by reason of negligence of defendants as stated therein. Said Divisions of defendants' cross-petition against these third-party defendants are for indemnity or recovery over in the event plaintiff is successful in his suit against defendants. In that event, defendants will not 'thereby be entitled to a right of action' against these third-party defendants as in said rule provided. One of the basic elements of a cause of action for indemnity is payment by defendants of the plaintiff's demand. Defendants cannot and will not automatically be vested with an indemnity cause of action against these third-party defendants if they are 'held liable' on the petition of plaintiff as in said rule provided. Mere success of plaintiff in holding defendants liable will not entitle defendants to an indemnity right of action."

On December 27, 1952, the Chenoweth-Kern Elevator Service filed motion to dismiss the cross-petition as to it. Division I of the motion was the same as Division I of the motion to dismiss the cross-petition as to Niles & Jones et al. There were other divisions in the motions to dismiss. But they need not be considered, since the trial court stated it would not pass upon them, as it had sustained the motions to dismiss on the first Division of said motions.

The defendants' answer, filed January 9, 1953, admitted the allegations of the petition with respect to the relationship of those therein mentioned, the ownership of the building, the existence of the elevator and manner of construction, but denied that the elevator shaft, car, doors, machinery, and other equipment were not included in any leases, and denied that defendants retained control over them. All other allegations were denied.

In sustaining the motions to dismiss, the court, after quoting rule 33(b), said:

"Would plaintiff's success without more automatically give defendants causes of action against these third-party defendants as this rule clearly requires to permit its use? I cannot find that it would. Plaintiff charges defendants with certain statutory and common-law duty violations. Defendants charge the third-

party defendants with violations of some of these same duties, such as inspection as to Chenoweth-Kern and the maintenance of improper lighting around the elevator platform as to Niles & Jones, but other specifications in plaintiff's petition such as statutory violations as to safety equipment are not reasserted against the third-party defendants, whereas new alleged duty violations such as that of Chenoweth-Kern to defendants by the agreement pleaded and other employee tampering by Niles & Jones are alleged.

"If plaintiff were successful against defendants, the proof necessary therefor would not and could not be such as to *thereby* permit defendants to, without more in the way of pleading and evidence, recover against the third-party defendants.

"But the principal compellant of the court to rule as it does is that a basic element of the action of indemnity or restitution is not present when plaintiff is successful and defendants are 'held liable thereon.' This is the element of payment of such judgment by the defendants. There is no cause of action over for indemnity or recovery over until defendants have paid plaintiff's judgment * * *. Liability and payment create the cause of action. Being held liable does not *thereby* create it. The cross-petition actions do not fit rule 33(b). Its language is definite and unambiguous. This view is strengthened by an examination of R. C. P. 33(a) and Fed. R. C. P. 14(a). The former has to do with cross-petitions between defendants, and the latter is the federal third-party practice rule. Each uses the phrase 'is, or may be liable to him.' At a glance, it is obvious these rules are measurably more liberal in their scope than is R. C. P. 33(b). They do not contain the mandate 'thereby.' A third-party defendant 'may be liable' even if the original defendant has not paid the judgment."

The trial court, after stating that its views found support in the opinion in Jeub v. B/G Foods, Inc. (1942) 2 F. R. D. 238, and quoting at length from the opinion thereon, concluded its "Ruling on Motions" thus:

"Difficulties of trial conduct and instruction should not be reasons for refusal of the use of procedures if the rules warrant. However, the court is impressed with the fact that the oppor-

tunity for a fair and impartial trial as to all parties will be enhanced by a separate trial of the plaintiff's case against defendants. If plaintiff prevails and his judgment is paid, defendants may then sue those from whom they seek indemnity without being prejudiced by this order. This seems to be not only the legal but the just cause to follow in this case.

"The first division of the motions of both third-party defendants is therefore sustained and the defendants' cross-petition is dismissed as to all divisions."

I. Appellees select the next to the last paragraph—set out just above—of the court's ruling as the basis of their first point of the three points relied on for affirmance. The point is thus stated: "The entertainment of the cross-petitions under R. C. P. 33 (b) was within its judicial discretion, and in finding that the opportunity for a fair and impartial trial as to all parties would be enhanced by a separate trial of the indemnity issues as and when they accrued, by separate suit, the court was acting in a sound unreviewable discretion."

In the quoted paragraph the court did not expressly state that the matter submitted to it for its adjudication was one requiring only the exercise of its "sound unreviewable discretion." We strongly doubt that it had any such thought. So far as the record shows such a question or matter was never raised in the court below. It was not alleged nor intimated in any way in any Division of either motion to dismiss the cross-petitions. The last sentence—quoted above—of the court's final ruling states that it was based on Division I of each motion to dismiss, which the court sustained. The substance of that Division is noted above.

The motion of defendants to bring in other defendants, not then parties, was filed October 21, 1952. Attached to this motion were copies of the cross-petition, which informed the court of defendants' contentions. The motion was granted November 15, 1952. This motion was never challenged by the plaintiff nor the third-party defendants. Niles & Jones et al. first appeared in the action on December 24, 1952, and the Chenoweth-Kern Elevator Service on December 27, 1952. The appearance of each was by motion to dismiss the respective cross-petitions. Since

they were not parties to the action when defendants' motion was filed nor when it was ruled on, had they then moved the court to reopen that proceeding in order to permit them to resist defendants' motion their motion or application might well have been granted. But they did not do so. Had they challenged defendants' motion the outcome of their attack might have rested in the sound judicial discretion of the court, as ruled in Dosland v. Preferred Risk Mutual Insurance Co., 242 Iowa 1220, 1224, 1225, 49 N.W.2d 823, 29 A. L. R.2d 712, but in that action the motion to cross-petition was directly challenged, and the trial court held the issues in the two actions were so dissimilar and foreign to each other that the motion should be denied. We held that the court did not abuse its discretion.

The Rules of Civil Procedure applying to motions to dismiss are rule 104 and rule 216. Rule 104 provides:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the [time of] trial, except that: * * *

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer."

The motions of the third-party defendants indicate they were proceeding under the subparagraph (b) and no contention is made in the motions that the court could sustain them as a matter of discretion.

■ The granting or denying of motions to dismiss does not rest in the discretion of the trial court but the ruling must be based on legal grounds, and made as a matter of judicial right.

There is no merit in the third-party defendants-appellees' first point relied on for affirmance.

. II. Appellees'—and by that term we mean third-party defendants, as the plaintiff-appellee filed no brief and argument —second point relied on for affirmance is: "By specific language R. C. P. 33(b) is only available to a defendant for cross-petition against a new party when he 'will, if held liable thereon, *thereby* be entitled to a right of action against' such new party. (Their

italics.) Indemnity liability for tort because of defendants' position as a party secondarily liable to the plaintiff, where such position arises from contract or judicial concept, cannot be created by mere success of the plaintiff against defendant in holding him liable thereon, but, in addition, grounds of indemnity liability must be present and the cause of action must accrue by the entry of judgment against defendant and his payment thereof."

Defendants-appellants answer this with the following brief points:

"1. Rule 33(b), R. C. P., does not require the satisfaction of a judgment against the defendant as a prerequisite to the bringing in of new parties.

"2. The trial court erred in holding that no cause of action for recovery over against the third-party defendants arose until defendants had paid any judgment plaintiff might obtain against the defendants.

"3. The trial court erred in holding that both liability and payment of a judgment were prerequisites to defendants-cross-petitioners' third-party action."

■ As stated by the trial court "the principal compellant of the court to rule as it did" in this case is the proposition embodied in appellees' second point that defendants must have had a matured cause of action against the third parties, acquired by the payment of a judgment held against them by plaintiff, before the third parties could be brought in as cross-defendants. Such contention, in our judgment, puts a construction upon rule 33(b) so exceedingly strict and narrow as to render it impotent to effect the purpose intended for it. As stated in section 1 of chapter 311, Acts of the Forty-ninth General Assembly (section 684.18, Code, 1950), the Iowa Rules of Procedure were made and adopted "for the purpose of simplifying the same, and of promoting the speedy determination of litigation upon its merits. * * *." Rule 33(b) by its terms provides that new third-party defendants may be brought in "to the end that the rights of all concerned may be determined in one action."

Mr. Cook, in his excellent treatise on these rules, after referring to rule 33 as a "substitute for Code 1939, §11155," and analogous to Federal rule 14, states:

"Code 1939, §11155, provides for bringing in of third parties by a defendant who has a cause of action against the third party 'affecting the subject matter of the action.' It is somewhat doubtful whether the former procedure would allow the enforcement of defendant's claim if it depended upon the outcome of the plaintiff's main action. *The above rule covers this situation to the end that the final liability may be settled in one action.* [Italics ours.]

"Federal rule 14, which covers the same subject matter, has a somewhat broader application and in litigated cases has been found to fall short of its purposes in important respects. The Committee, therefore, in drafting, followed the language of the Wisconsin rule which has been found in some years of use to provide an effective procedure, and has received favorable comment from writers on the subject.

"Part (b) deals with the right of a defendant to bring in a new party who is liable over to such defendant for the claim made against him. It is said to be taken from Section 260.19 of the Wisconsin statutes rather than from Federal rule 14. It is somewhat like both, but not in the language of either. * * *

"Section 260.19 of the Wisconsin statutes is: 'Parties interpleaded. * * * (3) A defendant, who if he be held liable in the action, will thereby obtain a right of action against a person not a party may apply for an order making such person a party defendant and the court may so order.' * * *." 1 Iowa Rules of Civil Procedure (Revised Ed. June, 1951) 230.

Federal rule 14(a), as amended December 27, 1946, effective March 19, 1948, corresponds to the Iowa rule 33(b). Each rule was made to effect the same general purpose. In section 17.05 of Volume 6 of Cyclopedia of Federal Procedure (3rd Ed. 1951), with reference to the scope and purpose of rule 14, it is stated:

"The trend of the Rules of Civil Procedure is towards combining in one litigation, wherever possible, for determination of the rights of all parties in one subject matter or arising out of

one transaction. * * * Its general purpose is to provide suitable machinery whereby the rights of all parties may be determined in one proceeding, thus avoiding delay and circuity of action, and, concretely, to permit a defendant to bring in a third party who is liable on the same claim or is subject to a liability arising out of the claim on which the action is based. * * * To accomplish this purpose the rule has been liberally construed. Though primarily intended to cover the insurer or indemnitor sort of situation, it is hardly to be so precisely limited. It contemplates a joinder of actions where the circumstances are such that what might be termed in a sense secondary actions arise out of or in consequence of the actions originally instituted."

In the work of Barron & Holtzoff on Federal Practice and Procedure (1950), Volume 1, section 422, page 838, with reference to the purpose and construction of rule 14, it is stated:

"The purpose of subdivision (a) of this rule permitting defendant to bring in third parties is to save time and costs of duplicating evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap of a time lag between a judgment against the defendant and a judgment in his favor against the third-party defendant. In short, the primary object of subdivision (a) of the rule is to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even-handed justice expeditiously and economically. The rule is remedial and should be liberally construed." (Citing numerous cases.) And in section 426, entitled "Third-party Defendants Generally", is the following on pages 850, 851, 854: "Subdivision (a) of this rule, both as originally drafted and as later amended, permits a defendant to bring into the action a third-party defendant 'who is or may be liable to him' for all or part of the plaintiff's claim. Thus impleader is authorized to bring in a third party who would necessarily be liable over to the defendant for all or any part of plaintiff's recovery, whether *by way of indemnity*, subrogation, contribution, express or implied warranty, or otherwise." (Italics ours.)

In the note to section 426 in the 1952 Pocket Supplement it is said: "The third-party claim need not be based upon the same theory as the main claim." (Citing Lee's, Inc. v. Transcontinental Underwriters of Transcontinental Ins. Co., 1949, D. C. Md., 9 F. R. D. 470.) The trial court in the case at bar commented to the contrary.

The first sentence in Federal rule 14(a) is as follows: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him* for all or part of the plaintiff's claim against him." (Italics ours.) In rule 33(b) the corresponding language is, "When a defendant to a petition * * * will, if held liable thereon, *thereby* be entitled to a right of action against one not already a party * * *." Appellees contend, and the district court so held, that the italicized words in each rule give a vastly different meaning to each rule, and that the word "thereby" in rule 33(b) makes the rule inapplicable to this case, in that the defendants must have a completely matured cause of action, and must have been adjudged liable to plaintiff on his claim and have paid the judgment before they may bring in the third-party defendants by cross-petition.

It is our conclusion that there is no such differentiation or distinction in the two rules and that such a construction would very largely defeat the object of rule 33(b). Its language does not require a matured cause of action as contended by appellees, or even a cause of action against defendants. It plainly states that "if held liable" they are "entitled to a *right of action*" (italics ours), that is, a right to bring action by cross-petition against third-party defendants and adjudicate their respective rights and determine their liability, if any, to defendants.

Decisions and interpretations of federal courts with respect to rule 14(a) may be illustrative and instructive to the state courts in construing rule 33(b) but they are not conclusive nor compulsory.

The proposition discussed in this case has not been argued to this court before, but we have indicated our interpretation

1340

of rule 33. In Rozmajzl v. Northland Greyhound Lines (and Sioux Lines, Inc.), 242 Iowa 1135, 49 N.W.2d 501, we discussed the liability between joint tort-feasors. But in that case the plaintiff brought action against both defendants and rule 33 was not involved. In Weidert v. Monahan Post Legionnaire Club, Inc., 243 Iowa 643, 651, 51 N.W.2d 400, 404, plaintiff, a first-floor tenant sued the Club, a second-floor tenant, for damages to plaintiff's stock of goods because of water leaking from Club's quarters. The defendant joined, by cross-petition, Mullen, a plumber, whose alleged negligence in repairing a hot-water heater caused the leakage. Judgment was rendered in favor of plaintiff, and against the Club, and for the Club on its cross-petition against the plumber. The court found the exclusive control of the heater as between plaintiff and the Club was in the latter, but that as between the Club and the plumber, under the allegations of the cross-petition and the evidence, it was under the plumber's exclusive control and management at all times material to the litigation. On appeal this court said: "We have concluded that there is no justification for holding that Mullen could not be held liable by means of the cross-petition of the legionnaire club for any judgment imposed on the club." On Mullen's appeal the judgment was affirmed. The procedure and facts in that case brought it clearly within the provisions of rule 33(b). The procedure and the pleaded facts in the case before us present a similar situation.

In City of Des Moines v. Barnes, 238 Iowa 1192, 30 N.W.2d 170, it appears that one Ahern was injured by a fall on an icy sidewalk of the city and recovered a judgment against it (Ahern v. City of Des Moines, 234 Iowa 113, 12 N.W.2d 296) in an action against the city alone, alleging in his petition that the icy condition where he fell was due to a downspout on the premises of Barnes. Barnes ignored the notice of the city to appear and defend. His failure to do so, under a specific statute, made the judgment in the Ahern action conclusive against him in certain respects in any action by the city against him to recover the amount of the judgment. Judgment was rendered against him on a directed verdict, which was affirmed by this court. In an opinion describing the liability of Barnes and the city as respec-

tively primary and secondary, we said (page 1200 of 238 Iowa, page 174 of 30 N.W.2d): "There are various ways in which the possible liability of the property owner may be determined in the original action under circumstances such as appear here. The injured party may join as defendants both the city and the one directly causing the dangerous condition (see Spurling v. Incorporated Town of Stratford, 195 Iowa 1002, 191 N.W. 724); *or the defendant city, if sued alone, may cause the third party to be brought in as provided by Rule 33(b) (formerly section 11155, Code, 1939);* or the third party may intervene, Rule 75, Rules of Civil Procedure (formerly section 11174, Code, 1939)." (Italics ours.)

If the quoted language can be said to be dictum, it is sound judicial dictum and correctly expresses the view of the court in the matter, with respect to the scope of rule 33(b).

In addition to the comments, already noted, of Wayne G. Cook, who was very active in the making of the Iowa Rules of Civil Procedure, we call attention to an article in 29 Iowa Law Review 3 at page 13 thereof, by Dan C. Dutcher, a member of the Advisory Committee to assist this court in the preparation of the rules, wherein he stated concerning rule 33(b):

"There was, of course, in the Code a cross-petition statute but there was considerable doubt if the statute was broad enough to cover one of the most useful functions of the cross-petition. This is the enforcement of liability over. The new Rule provides for this and under it a defendant who is sued may in the same action, by means of cross-petition, obtain a judgment against another defendant, or a new party to be brought in, for whatever the original plaintiff recovers from the original defendant. *This is an effective means of tracing down in one lawsuit, not several, the ultimate and final liability.* While this is not the only use of the cross-petition, it is probably new in Iowa or at least it suggests a definite procedure for something that heretofore was not clearly charted." (Italics ours.)

Appellees have cited no Iowa decision supporting their contention. If it were given effect it would render rule 33(b) of

1342

little force or use, and would be contrary to the clear purpose of the Rules of Civil Procedure.

The application of and practice under either rule 33(b) or Federal rule 14(a) is not intended to do violence to any substantive rights of the parties. Appellees complain that permitting the cross-petitions to stand violates their right as indemnitors to have their indemnitees first suffer loss by paying the claim of plaintiff, or any judgment he may obtain against them, in order to mature a cause of action of defendants against them as third-party defendants. The district court relied upon the case of Jeub v. B/G Foods, Inc., 2 F. R. D. 238. Appellees rely upon it in this court. The case, in fact, holds to the contrary. Plaintiffs in that case sued the defendant, B/G Foods, on the ground that in a restaurant operated by them it served contaminated ham to plaintiffs, who relied on a Minnesota statute against the sale of unwholesome food. Defendant filed a third-party complaint bringing in Swift & Company, from whom they had purchased the ham in a sealed can the day before it was served, and if it was unwholesome, Swift & Company was liable to indemnify defendant for any recovery by plaintiffs. Plaintiffs refused to amend their complaints to state any cause of action against Swift & Company and the latter insisted that no right of contribution or indemnity existed under the Minnesota law merely because a suit was commenced, and that a party must have suffered some loss before any rights would enure. The court said that the rights over and against Swift & Company which B/G Foods might have must be governed by the substantive laws of Minnesota, but that an acceleration of or an expedition of the presentation of such rights did not conflict with any Minnesota law. Rule 14, the court asserted, is not restricted to the rights of indemnity or contribution which are presently enforceable. The court allowed Swift & Company to be thus brought in, although plaintiffs refused to amend their complaint to proceed against Swift & Company. Judge Nordbye said at page 241 of 2 F. R. D.: "Any judgment against it by way of contribution or indemnity may be stayed until the judgment in the original proceeding against the B/G Foods, Inc., is paid or satisfied. One jury impaneled to determine the entire con-

troversy may not only save time and expense, but it is fair to assume that the ends of justice will be served by disposition of the entire matter through the facilities of one jury."

 Rule 33(b) is particularly applicable to the instant case, otherwise the litigation would be prolonged through three separate trials. We see no reason for any undue complications or confusion in adjudicating the rights and liabilities of all parties in a single action, and without infringing the substantive rights.

Each party contends for something to its advantage under rule 28, R. C. P., but we think the rule has no application to the case and it is not necessary to discuss it.

The ruling and judgment of the district court is reversed and the cause is remanded for proceedings under rule 33(b) of the Rules of Civil Procedure, in conformity with this opinion.—Reversed and remanded.

HAYS, C. J., and OLIVER, GARFIELD, WENNERSTRUM, SMITH, MULRONEY, THOMPSON, and LARSON, JJ., concur.