WILLIAM EDWARDS, Appellee, v. ANNA M. HASEL, Appellant.

**Municipal corporations:** STREET OBSTRUCTIONS: NEGLIGENCE: EVI-DENCE. A city may authorize the use of areas for admitting light from the street to the basements of abutting buildings, and this authority may be implied from long acquiescence in their use; but a property owner may be liable for negligence in the use of the same, notwithstanding the permission. The evidence in this case, that defendant maintained a two-inch plank covering over the window grating in the walk, on which plaintiff stumbled and was injured, was sufficient to take the question of his negligence in so doing to the jury.

Same: NEGLIGENCE: EVIDENCE.  The property in this case was in the possession of a tenant at the time of plaintiff's injury, and the court instructed that defendant could not be held liable unless it was found that the obstruction was furnished by defendant for use by the lessee, for the purpose and in the manner it was used at the time of the accident. *Held*, that the evidence that defendant furnished the cover for the opening constituting the obstruction was sufficient to take the question of defendant's liability to the jury.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

WEDNESDAY, NOVEMBER 20, 1912.

ACTION for damages for a personal injury caused by an obstruction upon the sidewalk, placed thereon by the defendant.  There was a verdict for plaintiff, and defendant appeals.—*Affirmed.*

*Thuenen & Shorey,* for appellant.

*Cook & Balluff,* for appellee.

EVANS, J.—We quote from appellant's brief the following statement of facts, which the evidence fairly tends to support:

The defendant is the owner of certain premises in the city of Davenport, Iowa.  Said premises were leased by defendant to one Traeger in December, 1908, for a period of five years, and were occupied by a subtenant at the time the injury occurred.  The building on said premises extends up to the sidewalk.  A cellar window is cut into the sidewalk, and extends about eighteen inches out from the building, and is about two and one-half feet wide, running along the side of the building.  The cellar window has an iron grating over it to prevent persons from stepping into the opening, and during the winter months, and for more than thirty-five years, has had a wooden covering.  This wooden covering is two inches thick, and consequently stands two

inches higher than the surface of the sidewalk. Just east of the cellar window is a door leading into a storeroom, which storeroom was occupied by a subtenant, and was used as a saloon at the time of the accident. On or about March 9, 1909, the plaintiff coming out of the saloon, stepped onto the platform in front of the door, made a short turn to the west, and when he stepped off the platform in front of the door bumped his toe against the covering and fell, injuring himself severely. The covering was in good repair.

This suit is based upon the theory that the covering maintained, as above stated, was dangerous, and that it was negligence on the part of the defendant to maintain the same. This covering was placed over the cellar window only during the winter months, and was removed in the spring of each year, and not replaced until the following winter. This custom had continued for over thirty-five years. The evidence shows that previous to the leasing of said premises this defendant and her husband had occupied the same, and during the time of their occupancy they had each winter placed this covering over the cellar window.

I. It is the first contention of the appellant that there was a failure of proof of negligence of the defendant, and that a verdict should have been directed on that ground.

1. MUNICIPAL CORPORATIONS: street obstructions: negligence: evidence.
Assuming, first, that the defendant was instrumental in placing the obstruction complained of, did it render the sidewalk not reasonably safe for the use of pedestrians? Or, rather, can it be said as a matter of law that such sidewalk was reasonably safe for the use of pedestrians notwithstanding such obstruction? We have held that the city may authorize areas and cellarways leading into basements of abutting buildings. *Perry v. Castner,* 124 Iowa, 391. The evidence in this case would warrant a finding of authority by the city from long acquiescence to maintain the obstruction complained of. We have held also that a property owner may be held liable for negligence in the

use of such privilege notwithstanding the permission of the city. *Calder v. Smalley,* 66 Iowa, 219. In the case at bar it must be said that the evidence in support of the alleged negligence of the defendant is very slender. But it must also be said that it is sufficient to carry the question into the field of fact. We can not say as a matter of law that the maintenance of this obstruction in the manner shown was not negligence.

II. It appears that the property was in possession of a tenant. The trial court instructed the jury that the defendant could not be held liable for the obstruction complained of, unless they found "that such 2. SAME: negligence: cover was furnished by the defendant for evidence. use by her lessee, for the purpose and in the manner in which it was used at the time." It is urged by appellant that there is no evidence in the record to sustain the hypothesis that the cover in question was furnished by the defendant to her lessee. It is true that there is no direct statement in the record to that effect, but such fact may be found as a fair inference from other facts in the case. The defendant testified that she had used such cover in like manner in the winter time for several years during her actual occupancy of the premises, and that she rented the premises in December, 1908, to one Traeger, who sublet to his brother-in-law, Joens. One witness testified that the cover was in place in the fall of 1908. Joens testified that it was there when he went into possession on January 1, 1909. We think this evidence furnished sufficient basis for the instruction of the court. No other complaint is made of the instructions.

It is our conclusion that the judgment below must be—*Affirmed.*