FLORENCE DEN BRAVEN, AS ADMINISTRATRIX AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MAUDE CHAPPELL, DECEASED, APPELLANT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY AND PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

544

For the appellant, *H. Kermit Green.*

For the respondent, *Henry H. Fryling (William F. Vosseller,* of counsel).

The opinion of the court was delivered by

LLOYD, J. The complaint filed in this case was struck out by the Circuit Court judge and judgment later entered in favor of the defendant. From this judgment the plaintiff appeals. The complaint was struck out because, as held in the court below, it failed to state a cause of action.

The substance of the complaint was that the defendant company owned premises on Van Houten street in Paterson; that the sidewalk fronting said premises had been covered by a snowfall; that the company used the sidewalk for the egress and ingress of its motor buses and other motor vehicles through a driveway crossing the sidewalk; that on December 11th, 1933, this use of the crossing of the sidewalk had caused the snowy condition to become icy and slippery; that on that date plaintiff fell upon this icy sidewalk and suffered a fracture of the neck and femur.

We concur with the learned trial judge in the view that no legal cause of action is set forth in the complaint. It is not alleged that the use of the sidewalk was an improper one in that the vehicles were not proper to be so used or that the crossing itself was not a lawful one and suitable for the purpose. The use, therefore, by the company was that use which every occupant of premises with a driveway therefrom crossing the sidewalk into the public highway exercises, each differing in degree perhaps. It was the same lawful use, though different in kind, that the pedestrian exercises when he travels the sidewalk longitudinally or in crossing. This being true the case falls within the well defined class of cases which absolves the user from liability for conditions imposed by nature where no other and further interference with the course of nature than that exercised by the defendant exists.

It is well known that travel upon streets and sidewalks

after falls of snow disturbs the integrity of the original snow-fall, and that such disturbance tends to cause alternate thawing and freezing which might not otherwise exist. This is precisely what is alleged to have occurred in the present case. The snow had accumulated through natural forces. The passing back and forth of the vehicles disturbed its original condition. This, as day and night succeeded each other, tended to cause the icy condition complained of. The result was that to be expected, whether, as in this instance, by using vehicles crossing it, or, as in other cases, by pedestrians using it as a foot walk. In the absence of an attack on the construction of the sidewalk itself or in the lawfulness of its use, the defendant was not responsible for consequences in the exercise of that lawful right. In *Taggart* v. *Bouldin,* 111 *N. J. L.* 464, it was held that even cutting a pathway through snow accumulated on the sidewalk fronting one's property with slippery conditions like those here present resulting, created no liability to one injured thereby, much less should liability attach where such condition is the result of a normal and lawful use.

In the present day of the prevalence of the automobile it is perhaps the exceptional dwelling or business place that does not have for the use of its owner or occupant a crossing from the vehicle portion of the highway into its premises crossing the sidewalk, usually over paving built specially for the purpose. Such construction and use, however, are recognized as normal and lawful ones. If the law were as contended for by the appellant it would follow that an owner of property could not so construct or use the sidewalk, usually the only means of access, without incurring an obligation to correct the slippery condition to which his vehicles had contributed, and incurring liability to anyone who happened to slip thereon. As well might the pedestrian be called upon to correct the like condition resulting from the prints of his shoes. No one of the cases in this state cited by the appellant goes so far as to impose such obligation, and cases cited from other jurisdictions are not authority here.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.