DORA BAMBERG *vs.* BRYAN'S WET WASH LAUNDRY INC.

Suffolk.   October 4, 1937. — September 12, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Snow and Ice. Negligence*, One owning or controlling real estate. *Nuisance. Way*, Public: nuisance.

A landowner was not liable to a traveller on a public sidewalk, which abutted on his land and on which snow had fallen naturally and had been allowed to remain, for personal injuries suffered in a fall due to deep, frozen ruts made several days before by a truck of a coal company delivering coal to the landowner, the operator of the truck not being the landowner's agent nor subject to his control while on the sidewalk.

TORT. Writ in the Municipal Court of the West Roxbury District of the City of Boston dated April 23, 1936.

There was a finding for the plaintiff in the sum of $750 by *Deland*, J. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*J. W. Lobdell*, for the defendant.

*S. H. Kugell*, for the plaintiff, submitted a brief.

DONAHUE, J. The plaintiff, on February 4, 1936, fell and was injured while walking on a public sidewalk abutting the rear of premises occupied by the defendant. At the place of the plaintiff's fall there was a driveway entrance for vehicles from the street to an open area on the rear portion of the defendant's premises. On January 29,

1936, as the result of earlier snow storms, the sidewalk was covered with snow and ice. The snow, which had not been shovelled, was about a foot deep. On that day trucks of a company engaged in selling coal had delivered coal to the defendant. The trucks had been driven across the sidewalk at the driveway entrance and made ruts in the snow of a depth of about ten inches. These ruts froze and continued to be on the sidewalk up to and including the day of the plaintiff's injury. The ruts were the cause of the plaintiff's fall. There was no defect in the surface of the driveway itself. No question is raised as to the due care of the plaintiff.

The plaintiff's declaration alleged "negligent conduct of the defendant, its agents or servants, in permitting, for a long time, an accumulation of snow and ice on said sidewalk and subsequently permitting its trucks, or trucks of invitees, from time to time, to cross said sidewalk . . . thereby creating deep and dangerous ruts" and in negligently permitting "said defective condition to remain for a long period of time."

The case was tried in the Municipal Court of the West Roxbury District of the City of Boston. The judge there found the facts above related and further found that "the defendant was negligent in allowing this condition of its sidewalk to continue and that by such negligence the plaintiff without fault was injured." The judge made a finding for the plaintiff and reported to the Appellate Division his rulings and refusals to rule as requested. Among the rulings requested by the defendant and refused by the judge was: "As a matter of law, there is no evidence of negligence of the defendant. . . ." The Appellate Division ordered the report dismissed.

There was no evidence to warrant a finding that any of the snow on the sidewalk in question was put there by the defendant or that it came from the defendant's premises, and no evidence that the ice on the sidewalk was formed from water coming therefrom. The owner or occupant of premises abutting on a public way is under no obligation to keep the sidewalk free of snow or ice which came there

from natural causes. *Mahoney* v. *Perreault,* 275 Mass. 251, 253, and cases cited.

The mere fact that the defendant was the occupant of land abutting on a sidewalk where the public had an easement of travel did not make it liable for the consequences of a dangerous condition there existing, not created by it or by its servants or agents, or by the physical state of its abutting land or of structures thereon under its control. *Catino* v. *Sorrentini,* 288 Mass. 89, 92. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, 185. *Sanborn* v. *McKeagney,* 229 Mass. 300. Compare *Agnew* v. *Franks,* 255 Mass. 539, 541.

The ruts in the snow on the sidewalk, which caused the plaintiff's injury, were created by trucks of a coal company that was delivering coal to the defendant. There was nothing to indicate that this was not the ordinary situation which exists when a dealer delivers merchandise he has sold on the customer's premises. The evidence does not warrant inferences that the operators of the trucks were agents or employees of the defendant or that the defendant had any right to direct or control their conduct while on the public highway or that the dangerous condition on the sidewalk was created by anything done by the operators of the trucks while on the premises of the defendant. *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569. The defendant could not be found negligent for not removing the ruts which the employees of the coal company made in the snow on the sidewalk. *Catino* v. *Sorrentini,* 288 Mass. 89.

The defendant's request for the ruling that there was no evidence of negligence of the defendant should have been given. It is unnecessary to consider other requests for rulings made by the defendant. The order of the Appellate Division dismissing the report must be reversed and judgment entered for the defendant.

*So ordered.*