## DALEY v. SEARS, ROEBUCK & CO.
### Civ. No. 26591.

United States District Court
N. D. Ohio, E. D.
Sept. 16, 1949.

See also, 90 F.Supp. 562.

T. T. Sindell, Sindell & Sindell, Cleveland, Ohio, for plaintiff.

Thompson, Hine & Flory, Thos. E. Lipscomb, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a removed action for damages for personal injuries. It is alleged that plaintiff was injured when he slipped and fell on the sidewalk, abutting defendant's store at West 110th Street in Cleveland. It is further alleged that plaintiff's fall was caused by defendant's negligence in failing to take steps to reduce the icy condition of the sidewalk which, plaintiff says, was created by the passage of many automobiles between the street and defendant's parking lot. More particularly the complaint charges that: "* * * said auto traffic in its movements of stopping, starting and skidding over the sidewalk area merging into the driveway at the point herein complained of, caused certain icy ridges and more than usually slippery areas at said point, so that the plaintiff was subjected to a hazard greater than he would have been placed in on any other portion of the easterly sidewalk of West 110th Street."

Defendant has filed a motion to dismiss on the ground that the complaint does not state a claim upon which relief may be granted.

Plaintiff concedes that the abutting landowner is not held liable for such injuries when the icy and snow packed condition of the sidewalk is the sole result of the interaction of the elements, but cites several decisions (not Ohio cases) wherein the abutting owners or occupants have been held liable where injuries to pedestrians were caused by the abuttors' placing snow upon the sidewalk, pouring water on the sidewalk which later froze, and negligently removing snow from the sidewalk. In the case of Bennett v. McGoldrick-Sand-

562

erson Company, 15 Wash.2d 130, 129 P.2d 795, 801, as cited by plaintiff, the Washington Supreme Court held that defendant gasoline station operator was not liable for injuries suffered by plaintiff who fell on the part of the icy sidewalk over which automobiles passed to get to and from the station. Plaintiff subscribes to the dissenting opinion in that case which held, in part, that: "The accumulation of ice upon the driveway, under the evidence, which caused respondent to fall was not solely a natural accumulation due to the elements, but the danger incident thereto was increased by acts for which the appellant alone was responsible."

There is no allegation that defendant herein illegally or wrongfully used the portion of the sidewalk where plaintiff fell, or for how long the condition had existed, but only that it was being put to "excessive use".

Plaintiff recognizes that there is little, if any, law to support his theory of liability but contends that "the law on sidewalks and their use by abutting owners must be viewed in our situation in the light of modern selling methods and store operations."

Defendant cites Steinbeck v. John Hauk Brewing Company, 1916, 7 Ohio App. 18, wherein it was held by the Court of Appeals of Hamilton County that there was no liability on the part of an abutting owner to a person injured by falling upon the ice on the sidewalk, where the ice was formed by natural causes without any fault or act on the owner's part, even though a city ordinance required removal of snow and ice from sidewalks by abutting owners.

In Turoff v. Richman, 1944, 76 Ohio App. 83, 61 N.E.2d 486, the Court of Appeals of Cuyahoga County held that a landlord was not liable to his tenant for injuries suffered when the tenant slipped and fell on ice which had accumulated over the driveway which other tenants of the apartment house used to gain access to their garages.

■ In order to establish a case for negligence it must be shown that the defendant owed a legal duty to plaintiff and that defendant breached that duty to plaintiff's injury. In the instant case plaintiff claims that it was defendant's duty to remove the "icy ridges" and "unusually slippery areas" from the sidewalk over which automobiles passed going in and out of defendant's parking lot. It is not alleged that defendant negligently caused the icy ridges or unusually slippery areas to exist on that portion of the sidewalk or for what length of time the condition alleged had existed. Rather, it is clearly alleged that the slippery condition was caused by the passage of automobiles over that area. It is not alleged that the automobile traffic passing over the sidewalk, in response to defendant's offer of parking space to customers, was wrongful or illegal. The only basis for a duty being owned by defendant to remove the ice, or otherwise reduce the slipperiness of the sidewalk, appears to be the fact that the sidewalk was being put to "excessive use".

No cases or legal principles are cited which hold that the use to which this sidewalk was put was excessive or that, even if excessive, such user places a duty to remove ice upon the defendant.

■ In this view of the matter the complaint, on its face, fails to state a cause of action upon which relief may be granted and defendant's motion should and must be granted.