**Robert D. HOVER, Plaintiff,**

v.

**Mac DONALD ENGINEERING CO., Defendant.**

**Civ. No. 4-929.**

United States District Court
S. D. Iowa,
Central Division.

Jan. 27, 1960.

---

James G. McDowell, Jr., Des Moines, Iowa, for plaintiff.

Paul W. Steward, A. B. Crouch, Des Moines, Iowa, for defendant.

VAN PELT, District Judge.

This matter is before the court on motions by the defendant, Mac Donald Engineering Company, for judgment notwithstanding the verdict or, in the alternative, for a new trial. The case has been tried to a jury who returned a verdict for the plaintiff, Robert D. Hover, in the amount of $75,000.

This case arose out of an accident occurring on a construction project for Northwestern Cement Company at Mason City, Iowa. The plaintiff who was injured in the accident was at the time an employee of Dewey Electric Company, which Company was a sub-contractor at the project. Defendant, at the same time, was operating under contract to perform certain functions in connection with the same construction project. It was disputed in the evidence as to whether Dewey Electric Company was a sub-contractor for the defendant or for Hinkel Construction Company, another contractor on the project. The accident occurred when a salamander (a heating device) which the plaintiff was attempting to move, while lighted, along with another employee, separated and spilled burning oil on plaintiff. The issues at the trial upon which the plaintiff carried the burden of proof were briefly, (1) the dominion of the defendant over the salamander in question, (2) the duty of the defendant to the plaintiff by plaintiff's use of the salamander—i. e., whether or not the salamander was furnished to the plaintiff by the defendant by express or implied contract or whether or not the defendant expressly or impliedly invited plaintiff to use the salamander, (3) the negligence of defendant, (4) proximate cause, (5) freedom from contributory negligence, (6) damages, and (7) the amount of damages.

The defendant assigns as error in its motion for judgment notwithstanding the verdict the lack of competent evidence on the material allegations of plaintiff's complaint and, as to the plaintiff's allegation of freedom from contributory negligence, the defendant urges that the evidence "construed in the light most favorable to the plaintiff established that the plaintiff was guilty of contributory negligence as a matter of law."

In an unreported decision by this Court in the District of Nebraska, it was stated:

"The motion for a directed verdict presents a question of law as to whether there existed substantial evidence to raise a question of fact to be presented to the jury. Furman v. Gulf Ins. Co. of Dallas, 152 F.2d 891 (C.A. 8, 1946). This Court must view the evidence in a light most favorable to the party against whom the motion is made (the plain-

tiff, here) and accept all the evidence favorable to the plaintiff as true and as proving all facts which it reasonably tends to prove, and give the plaintiff the benefit of all inferences fairly deducible from this evidence. This Court cannot substitute its judgment merely because the evidence clearly preponderates for the moving party. The test is whether reasonable men might reach different conclusions on a basis of the evidence. Chicago Great Western Ry. Co. v. Scovel, 232 F.2d 952 (C.A. 8, 1956), cert. denied 352 U.S. 835 [77 S.Ct. 53, 1 L.Ed.2d 54] (1956); Danaher v. United States, 184 F.2d 673 (C.A. 8, 1950); Duncan v. Montgomery Ward & Co., 108 F.2d 848 (C.A. 8, 1940)." Kendle v. Wilkins, D.C.Neb., Oct. 28, 1959.

Applying these rules, this Court finds that reasonable men might reach different conclusions on a basis of the evidence; that there existed substantial evidence to raise a question of fact to be presented to the jury on each and all of the material allegations, and that the evidence does not establish that the plaintiff was guilty of contributory negligence as a matter of law. Only where, under the entire record, plaintiff's contributory negligence is "so palpable that reasonable minds may fairly reach no other conclusion" does the question then become one of law for the court. Auen v. Kluver, Iowa 1959, 95 N.W.2d 273 and cases cited therein. The motion for judgment notwithstanding the verdict will therefore be overruled.

■ As grounds for its alternative motion for a new trial, the defendant urges that; (1) the verdict is not supported by and is contrary to the evidence and the great weight of the evidence, (2) the verdict is excessive as to indicate passion and prejudice and fails to accomplish substantial justice between the parties, (3) the conduct of plaintiff's counsel in repeatedly asking improper questions to which objections were sustained placed defendant's counsel in an unfavorable position and deprived de-

fendant of a fair trial, (4) the court erred in overruling defendant's objections to evidence and motions to strike evidence, as shown by the record (none specified), and (5) the court erred in the statement of the issues and the instructions, the defendant here setting out seventeen specifications of error in the court's instructions and refusals of defendant's requested instructions. It should be pointed out that in setting out defendant's grounds for a new trial, this Court has consolidated them for brevity, and thus not set out fully the positions of defendant.

■ In the previously cited, unreported decision in Kendle v. Wilkins, supra, it was stated:

"The alternative motion for a new trial presents a different question, one in the discretion of this Court, as to allow this Court to rely on its own judgment as to the weight and verity of the evidence. Even when there is substantial evidence in support of the prevailing party so as to prevent the direction of a verdict, this Court may grant the motion for a new trial where it feels a verdict is contrary to the clear weight of the evidence, or is based upon evidence which it feels is false. When there is a manifest and sharp dispute in the conflicting substantial evidence for the respective parties, the jury's verdict should be accorded controlling effect. Rice v. Union Pacific R. Co., 82 F.Supp. 1002 (D.C. Neb., 1949)."

Applying these rules with regard to defendant's grounds urging that the verdict is not supported by and is contrary to the evidence and the great weight of the evidence, this Court concludes that the verdict of the jury is not contrary to the evidence or the clear weight of the evidence, and therefore on a basis of the evidence the verdict should be given controlling effect.

■■ Defendant urges that the verdict was excessive so as to indicate passion and prejudice in the jury's deliberations, arguing that it far exceeds the

highest verdict ever permitted to stand in any personal injury or death case in Iowa. As defendant concedes, and as pointed out in Soreide v. Vilas & Co., 1956, 247 Iowa 1139, 78 N.W.2d 41 and Rice v. Union Pacific R. Co., supra, comparisons of other verdicts is of little value. Each case has to stand on its own facts. In Jackson v. Chicago, M., St. P. & P. R. Co., 1947, 238 Iowa 1253, 30 N.W. 2d 97, 105, the Iowa Supreme Court said:

> "We are unable to say the verdict resulted from passion and prejudice or that the judgment is so large it shocks the conscience or does not effectuate justice. A wide discretion is allowed in the assessment of damages for personal injury. Damages for pain and suffering and future disability can only be approximated. Consideration may properly be given the lessened purchasing and earning power of money."

Plaintiff, a skilled electrician, is 42 years old. The mortality table shows a normal life expectancy for a person of that age to be 30.29 years. Up to the date of the trial, $4,058.96 had been paid for medical attendance and hospital services for his injuries resulting from the accident. Evidence of possible future hospital and medical expenses was presented. Evidence of past and future great pain and suffering, both physical and mental, was introduced. So also for past and future disablement. Evidence of permanent disfigurement was shown. Finally, evidence of loss of earnings and time, both past and future, was presented. For purposes of this motion, to enumerate all of the evidence of damages to the plaintiff would amount to hardly more than a sterile exercise of approximation. The verdict is both obviously large and surprising in comparison with the dollar figures of past verdicts in the area, but upon a basis of the evidence in the case from which the jury could have arrived at the amount, it neither shocks the conscience nor fails to effectuate justice. This Court concludes that the size of the verdict does not indicate passion or prejudice in the deliberations, and therefore rejects defendant's ground for a new trial upon this contention.

Without discussion in this memorandum, this Court rejects defendant's assigned errors pertaining to the conduct of plaintiff's counsel and to the Court's overruling of defendant's objections to and motions to strike evidence.

[10, 11] The Court refused to submit all four of defendant's requested instructions, which the defendant now assigns as error. This Court concludes there was no error in the refusals. Requested instruction one assumes facts which were disputed in the evidence. Requested instructions two and three merely state that which is already clearly implied and evident in the Court's instructions. The Court instructed that before plaintiff may recover, two of the elements he must prove by a preponderance of the evidence are (1) that defendant owned, possessed, or controlled the salamander in question, and (2) that defendant furnished the salamander to plaintiff under contract or invited plaintiff to use the salamander. Instructions, as requested here, that negative liability if certain facts are found affirmatively by the jury, serve only limited purposes. It is obvious that these types of instructions, although technically correct, may be unlimited in number. It is the conclusion of this Court that the requested instructions numbers two and three add nothing to the Court's instructions by way of law or significant clarification, and were therefore properly refused. Requested instruction number four was properly refused as already being sufficiently covered in the Court's instruction number twenty-one.

Finally, the defendant assigns as grounds for its motion for a new trial thirteen specifications of error in the Court's instructions to the jury. This memorandum will discuss only some of these specifications.

The Court submitted as two of the issues which plaintiff had the burden to prove the questions of ownership, possession, or control of the salamander by the defendant, and whether the de-

fendant by contract, express or implied, furnished the salamander to the employees of Dewey Electric Company, including the plaintiff, for use, or expressly or impliedly invited them to use such salamander. Defendant first urges that submission of these issues was error as there is no allegation in the Complaint of possession or control, or of an express or implied contract to furnish the salamander, or of an express or implied invitation to the plaintiff to use the salamander.

Plaintiff has alleged in his Complaint the following:

"6. That the Defendant, MacDonald Engineering Co., undertook to provide heat for the benefit of the workmen and equipment engaged and used in the construction project, including the plaintiff and the equipment he used in his work, which heat was produced by use of salamanders provided by the said Defendant, MacDonald Engineering Co."

In an amendment to paragraph 6 of the Complaint, plaintiff alleged:

"That the Dewey Electric Company was operating under a sub contract with the MacDonald Engineering Company and that the plaintiff at the time of his injury was working in furtherance of the defendant's general contract and using an appliance with an implied or express invitation to be used by him by the defendant and the same was inherently dangerous and the said salamander was necessary for heat for his work."

This Court is of the opinion that paragraph 6 of the Complaint as amended raises these issues submitted by the Court. During the trial, the evidence showed clearly that there were a number of salamanders on and about the construction project. Defendant, by its evidence, tried to show that it neither owned, possessed, nor controlled these salamanders and therefore could not have "provided" them. Defendant also tried to show that there existed no contract, express or implied, which provided that it would undertake to furnish heating equipment. The Court's instructions merely sub-divide and elaborate on the allegations in paragraph 6 of the Complaint. The arguments of defendant must therefore be rejected.

■■■■ Defendant urges that there is no evidence in the trial to support the submission by this Court of ownership, possession, or control of the salamander by the defendant. With this contention, the Court cannot agree. There need not be direct evidence on the issue instructed, but it may be only a "fair influence from other facts in the case." Edwards v. Hasel, 1912, 157 Iowa 416, 138 N.W. 501, 502. It is for the Court to decide whether there was any proper evidence on which the jury could find ownership, possession, or control of the salamander by the defendant. Parkinson v. Kortum, 1910, 148 Iowa 217, 127 N.W. 208. The testimony of the witnesses Hover, Jorgenson, and MacNider all support the proposition of possession and control of the salamander by the defendant. Evidence of possession and control is sufficient evidence to make a question for the jury as to ownership. Stewart v. Wild, 1926, 202 Iowa 357, 208 N.W. 303.

■■■■ It is argued by defendant that there is no evidence to support a submission to the jury of the issues pertaining to defendant's duty to plaintiff in plaintiff's use of the salamander other than that duty owing a bare licensee or a trespasser. Again, with this contention this Court cannot agree. In the testimony of Hover and Jorgenson, there is evidence that would legally classify the plaintiff as an "invitee" or "licensee by express or implied invitation." See Mann v. Des Moines Ry. Co., 1942, 232 Iowa 1049, 7 N.W.2d 45. So too, there is evidence that the salamander in question may have been furnished by defendant for the benefit of plaintiff and other employees of Dewey Electric Company under a contract, express or implied, with Northwestern States Cement Company. (Plaintiff's Exhibit 2; Testimony of Jorgenson). See, also, pertaining to the

terms express and implied, Hoopes & Sons v. F. H. Simpson Fruit Co., 1917, 180 Iowa 833, 161 N.W. 629. The remaining specifications of error as to the Court's instructions are rejected.

The defendant's alternative motion for a new trial is overruled. Plaintiff's counsel will prepare an order in conformance with this memorandum, submitting it first to defendant's counsel for correction as to form only, and when signed by this Court, such will constitute the appealable order in this matter.